STURTEVANT *v.* CITY OF OWOSSO.

MUNICIPAL CORPORATIONS—STREETS—ADJOINING PROPERTY.

In a suit against a city to restrain it from taking gravel
    from the streets in front of real property owned by com-
    plainants which was part of a plat that had been dedi-
    cated and accepted though not graveled or otherwise im-
    proved and on the plat of which the streets were desig-
    nated by the word private, the trial court rightly dismissed
    the bill for the reason that no threatened injury to prop-
    erty abutting on the street appeared and there was evi-
    dence that the removal of gravel was intended as and
    operated as an improvement to the same and other streets
    without injuring the lots which lay adjacent.[1]

[1]As to effect of conveyance of lots laid down on plats when
description is by reference to plat, see note in 14 L. R. A. (N. S.)
881. And as to effect of conveyance of lots laid down on plats to
prevent a change in the use or form of the property, see note in
14 L. R. A. (N. S.) 1067.

Appeal from Shiawassee; Dodds, J., presiding. Submitted April 18, 1916. (Docket No. 95.) Decided June 1, 1916.

Bill by Heman B. Sturtevant and others against the city of Owosso and another to restrain the removal of gravel from certain premises. From a decree for defendants, complainants appeal. Affirmed.

*George E. Pardee* (*A. E. Richards,* of counsel), for complainants.

*Leon F. Miner,* for defendants.

OSTRANDER, J. Complainants seek an injunction to restrain the defendants from taking gravel out of their premises and out of adjoining streets, and for damages. The evidence of the title of complainants Sturtevant and Blood, which is a warranty deed from complainant Kinne, and the evidence of the title of complainant Kinne, which is an executory contract for the purchase of the premises from his said grantees, were objected to upon the ground that cross-examination developed the fact that the deed was intended as security merely, and was a mortgage, and that upon neither this mortgage nor the land contract had the taxes been paid. Thereafter, at some time before the decree was made, the court was moved to permit an amendment to the bill of complaint, which charged the fact to be according to the import of said conveyances, by adding to paragraph 7 of the bill the following:

"That should the court find under the testimony that the said Sturtevant & Blood are not the owners in fee of the real estate herein described, and that the said Leslie J. Kinne, one of said complainants, is the owner in fee of all of said described real estate, and who is entitled to all the relief and to recover all the benefits herein prayed for, and your orators aver that

the said Leslie J. Kinne is (and was at the time of the commencement of this suit) the owner of the fee in and to all of said real estate and entitled to recover as prayed for in this bill"

—and by correspondingly amending the prayer for relief. The court entered a decree, dismissing the bill upon the merits, and denied the motion to amend, saying that no amendment was necessary to support the decree. The point is without particular significance since, in my opinion, if the bill was amended as desired, the decree would nevertheless be affirmed.

The testimony does not support the charge that the defendants have made, or threaten to make, repeated trespasses upon the property complainants claim to own, unless the taking of gravel out of Haven street constitutes a trespass. There is some evidence of casual trespasses upon lots owned by complainants, or upon some of them. Now, Haven street is the south boundary of a plat of land known as George T. Abrey's Woodlawn Park addition to the city of Owosso, which lies on the south side of the city. The plat is recorded and bears formal evidence of a dedication of the streets and alleys shown thereon to the public use. It was made July 27, 1890. There is evidence of very little supervision by the city of the streets and alleys, little, if any, evidence of the improvement of any of them at public cost. Lots have been sold, described as in the plat, and in complainants' muniments of title the property conveyed is described by lot and block numbers corresponding with and by a direct reference to the said addition and the said plat.

Complainants conceive themselves to be owners of the streets upon which their lots abut. Their contention in this behalf is based in part upon the fact that upon the said plat as recorded in each street and alley there is written in red ink the word, "Private." The streets are in fact so laid out upon the plat as to be,

as to the north and south streets, continuations of city streets, none of those in the plat being otherwise named. Thus there are five north and south streets running across the plat in exact continuation of named city streets, and the ends and names of these streets appear in the copy of the plat found in the record. The contention is also based upon the fact that public authorities have neglected, or have refrained from, improving the streets and alleys in the addition for a period of time exceeding the statutory limit for bringing actions to recover title to real estate. It does not appear that the city has ever adopted any plan for grading or otherwise improving any of the streets and alleys in the addition. It does appear that a survey of the premises, or of some portions, has been made by the city engineer, and that the work of removing gravel from within the limits of Haven street, complained of in this suit, has been conducted with reference to a convenient level for the street and in the general direction of making a way for travel where none in fact exists or has existed. The gravel removed was used in betterment of city streets outside of the addition.

The principal, and a sufficient, reason for affirming the decree is that none of the complainants has shown any threatened injury to property abutting upon the street, nor any such title to the land in the street as will support a decree in his favor; this, independent of objections to the competency of the evidence of title to these lots. Whether the city of Owosso has any jurisdiction over the streets in this addition is a question not considered.

The decree is affirmed, with costs to appellees.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.